1  Mia Solvesson (SBN: 246291)
   SHOOK, HARDY & BACON L.L.P.
2  333 Bush Street, Suite 600
   San Francisco, California 94104-2828
3  Telephone:    415.544.1900
   Facsimile:    415.391.0281
4

5  Attorneys for Defendant
   ADT SECURITY SERVICES, INC.

6

7

8

9

10

11

FILED

08 APR 18 PM 2:37

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

ADR

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

12  JEWELERS MUTUAL INSURANCE
    COMPANY,                                    Case No.  C08  02035  HRL

13              Plaintiff,                      DEFENDANT ADT SECURITY
                                                SERVICES, INC.'S NOTICE TO
14       vs.                                    PLAINTIFF OF FILING OF NOTICE OF
                                                REMOVAL IN FEDERAL COURT
15  ADT SECURITY SERVICES, INC., a
    Corporation and DOES 1 through 25, inclusive,
16
                Defendants.                     Complaint Filed:  March 5, 2008
17

18

19

20

21

22

23

24

25

26

27

28
                                        DEFENDANT ADT'S NOTICE TO PLAINTIFF
                                             OF FILING NOTICE OF REMOVAL
                                                  IN FEDERAL COURT
    2892749V1                                CASE NO. _____

1  **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that April 18, 2008, Defendant ADT Security Services, Inc. filed

3  a Notice of Removal of this action in the Office of the Clerk of the United States District Court for

4  the Northern District of California.  A copy of the Notice of Removal is attached hereto as Exhibit

5  A.

6  Dated:  April 18, 2008                    Respectfully submitted,

7                                   SHOOK, HARDY & BACON L.L.P.

8

9                          By:  _____
                                  MIA O. SOLVESSON
10

11                              Attorneys for Defendant
                                ADT    SECURITY    SERVICES,
12                              INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2

1   Mia Solvesson (SBN: 246291)
     msolvesson@shb.com
2   SHOOK, HARDY & BACON L.L.P.
     333 Bush Street, Suite 600
3   San Francisco, California  94104-2828
     Telephone:    415.544.1900
4   Facsimile:    415.391.0281

5   Attorneys for Defendant
     ADT SECURITY SERVICES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  JEWELERS MUTUAL INSURANCE          )   Case No. _____
     COMPANY,                          )
12                                     )
                                       )
13                Plaintiff,           )   NOTICE OF REMOVAL OF ACTION
                                       )   BY DEFENDANT ADT SECURITY
14        vs.                          )   SERVICES, INC. UNDER 28 U.S.C. §§ 1441,
                                       )   1446 AND 1332 (DIVERSITY) AND
15  ADT SECURITY SERVICES, INC., a     )   REQUEST FOR JURY TRIAL
     Corporation and DOES 1 through 25, inclusive, )
16                                     )
                  Defendants.          )   Complaint Filed:  March 5, 2008
17                                     )
     _____)

18                        __NOTICE OF REMOVAL__

19        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant ADT

20  Security Services, Inc. ("ADT"), removes to this Court the state-court action described in paragraph

21  one below.

22                         __THE REMOVED CASE__

23        1.      The removed case is a civil action filed on or about March 5, 2008, in the Superior

24  Court of California, County of Santa Clara, and is styled, *Jewelers Mutual Insurance Company v.*

25  *ADT Security Services, Inc., et al.*, Case No. 108CV107482.

26        2.      ADT was served with a copy of the complaint and summons on March 19, 2008.

27        3.      This action could have been originally filed in this Court pursuant to 28 U.S.C. §§

28  1332 and 1367, in that there is complete diversity between Plaintiff and ADT.   Moreover, the

2892692V1                                              NOTICE OF REMOVAL
                                                       CASE NO. _____

1  amount in controversy is $415,732.05, substantially in excess of the statutory requirement of
2  $75,000.

## PAPERS FROM REMOVED ACTION

4.    As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders in the possession of ADT in the removed case and are incorporated herein by reference. A true and correct copy of the complaint is attached hereto as Exhibit A. A true and correct copy of the summons is attached hereto as Exhibit B. A true and correct copy of the notice of case assignment is attached hereto as Exhibit C. A true and correct copy of the notice to litigants/ADR information package is attached hereto as Exhibit D. The pleadings allege breach of underwriters laboratories' certificate, fraud, negligent misrepresentation, violation of California business and professions codes, and negligence per se arising from a burglary at the business of Plaintiff's insured. Plaintiff's claims are based on the contention that ADT did not properly respond to the burglary. (*See* Ex. A.)

## THE REMOVAL IS TIMELY

5.    Under 28 U.S.C. §1446(b), the notice of removal of a civil action shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. ADT was served with the summons and complaint on March 19, 2008. Therefore, ADT's removal is timely because it is filed within thirty (30) days after receipt of appropriate paperwork establishing complete diversity of the parties pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

## VENUE AND DIVERSITY OF CITIZENSHIP

6.    Venue of this removal is proper under 28 U.S.C. § 1391 because this Court is in the United States District Court for the district and division corresponding to the place where the state court action was pending.

7.    This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

2

8.      Complete diversity of citizenship exists between the parties.

9.      ADT is informed and believes that Plaintiff is now, and was at the time of filing of its Complaint, a corporation with its principal place of business in Neenah, Wisconsin. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the State of Wisconsin.

10.     ADT is now, and was at the time of the filing of the Complaint, a Delaware corporation, with its principal place of business in Boca Raton, Florida. Pursuant to 28 U.S.C. § 1332(c) (1), ADT is a citizen of the State of Florida. ADT is not, and was not at the time of the filing, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of cases.

11.     For purposes of removal under 28 U.S.C. § 1441, the citizenship of defendants sued under fictitious names must be disregarded. 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

12.     Plaintiff's complaint seeks damages in excess of $75,000. Plaintiff claims actual damages in the amount of $415,732.05. (*See* Ex. A.)

13.     Therefore, Plaintiff's claim for damages exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

14.     Pursuant to 28 U.S.C. § 1446 (d), a copy of this notice of removal is being filed with the clerk of the Superior Court of California, County of Santa Clara.

15.     Pursuant to 28 U.S.C. § 1446(d), ADT is providing written notice to Plaintiff.

16.     ADT has not sought similar relief.

17.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.     The allegations of this notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of California, and this cause is removable to the United States District Court for the Northern District of California.

19.     If any question arises as to the propriety of the removal of this action, ADT respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable

3

NOTICE OF REMOVAL
CASE NO. _____

1     20.    ADT requests a trial by jury on all issues so triable.

2         WHEREFORE, ADT hereby removes the action now pending against it in the Superior Court

3   of the State of California, County of Santa Clara, to this Honorable Court, and requests that this

4   Court retain jurisdiction for all further proceedings.

5

6   Dated: April 18, 2008                        Respectfully submitted,

7                                                 SHOOK, HARDY & BACON L.L.P.

8                                                 By: _____

9                                                     MIA O. SOLVESSON

10                                                Attorneys for Defendant
                                                  ADT SECURITY SERVICES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4

                                                              NOTICE OF REMOVAL
                                                              CASE NO. _____

EXHIBIT

1  Brian S. Letofsky, Esq. - Bar No. 159232
   Simran Singh, Esq. - Bar No. 231308
2  PIERCE & WEISS, LLP
   Attorneys at Law
3  451 West Lincoln Avenue, Suite B-100
   Anaheim, California 92805
4  (714) 778-5038; Fax: (714) 778-1467

5  Attorneys for Plaintiff,
   JEWELERS MUTUAL INSURANCE
6  COMPANY

ENDORSED
FILED

2008 MAR -5  P 3: 07

KIRI RDISE, CHIEF EXECUTIVE OFFICER/CLERK
COUNTY OF SANTA CLARA, CALIFORNIA
BY: _____ DEPUTY C. HUIHUHANA

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SANTA CLARA

10

11  JEWELERS MUTUAL INSURANCE          )  No. 108CV-107482
    COMPANY,                           )
12                                     )  COMPLAINT FOR:
              Plaintiff,               )
13                                     )  (1) BREACH OF UNDERWRITERS
        vs.                            )  LABORATORIES' CERTIFICATE
14                                     )  (2) FRAUD
    ADT SECURITY SERVICES, INC., a     )  (3) NEGLIGENT MISREPRESENTATION
15  Corporation, and DOES 1 through 25, inclusive, )  (4) VIOLATION OF CALIFORNIA
                                       )  BUSINESS AND PROFESSIONS CODES
16            Defendants.              )  §7599.50, 7599.55, and 7599.58; and
                                       )  (5) NEGLIGENCE PER SE
17                                     )

18        COMES NOW, Plaintiff, JEWELERS MUTUAL INSURANCE COMPANY, alleging as

19  follows:

20                            **GENERAL ALLEGATIONS**

21        1.      Plaintiff, JEWELERS MUTUAL INSURANCE COMPANY, is, and at all times

22  herein mentioned, was an insurance company authorized to do, and doing business, in the State of

23  California as an insurance carrier.

24        2.      At the time of the incident referred to in the original action, JEWELERS MUTUAL

25  INSURANCE COMPANY insured NEW SHAN JEWELERS, under policy number 912992.

26        3.      To date, JEWELERS MUTUAL INSURANCE COMPANY has paid $415,732.05

27  for property damages and losses suffered by its insured, NEW SHAN JEWELERS, as a result of a

28

F:\docs\ads\ads234\Plead\Complaint 4.wpd

**COMPLAINT**

1  theft that occurred on August 27, 2005, at the insured's place of business, located at 1012 East El

2  Camino Real, Sunnyvale, California 94086.

3      4.     By operation of law, JEWELERS MUTUAL INSURANCE COMPANY is

4  subrogated to the rights of its insured, NEW SHAN JEWELERS, in the amount of $415,732.05,

5  together with any additional amounts yet to be paid.

6      5.     JEWELERS MUTUAL INSURANCE COMPANY is informed and believes, and

7  thereon alleges that Defendant, ADT SECURITY SERVICES, INC. (hereinafter "ADT"), is a

8  California corporation authorized to do business, and doing business, within the state of California.

9      6.     Plaintiff alleges that venue is proper in the County of Santa Clara, because the

10  transaction and occurrence ("the incident") took place at 1014 East El Camino Real, Sunnyvale,

11  California 94086.

12      7.     JEWELERS MUTUAL INSURANCE COMPANY is unaware of the true names

13  and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as

14  DOES 1 through 25, inclusive, and, therefore, JEWELERS MUTUAL INSURANCE COMPANY

15  sues those Defendants by such fictitious names and will seek leave of court to amend this

16  Complaint to show their true names and capacities when the same have been ascertained.

17      8.     JEWELERS MUTUAL INSURANCE COMPANY is informed and believes and

18  thereon alleges that at all relevant times mentioned herein each Defendant including each

19  fictitiously named Doe Defendant, was acting as the agent or employee of the remaining

20  Defendants and in acting or failing to act as hereinafter alleged, each Defendant was acting within

21  the course and scope of said agency or employment and with the knowledge and consent and under

22  the direction of and control of each of the remaining Defendants.

23      9.     On or about October 28, 2003, Plaintiff's insured, NEW SHAN JEWELERS,

24  purchased a "burglar alarm system" service from Defendant, ADT, and/or DOES 1 through 25.

25      10.    On or about October 28, 2003, Defendant, ADT, and/or DOES 1 through 25

26  installed the purchased "burglar alarm system" at NEW SHAN JEWELERS.

27  //

28  //

- 2 -

11.    On or about August 27, 2005, NEW SHAN JEWELERS was burglarized by unknown suspects who entered 1012 East El Camino Real via the roof and cut through the common wall between 1012 East El Camino Real and 1014 East El Camino Real.

12.    At the time and place described herein above, Plaintiff's insured, NEW SHAN JEWELERS, was closed for business.

13.    Defendant, ADT, and DOES 1 through 25, inclusive, failed to activate alarm zones 7 and 8, which are the zones for the critical safe alarms.

14.    On or about August 28, 2005, the day after the burglary, ADT Security Services, Inc., checked the alarm system at NEW SHAN JEWELERS and left a work order stating that zones 7 and 8 were not connected to the alarm panel, and as a result, the alarms failed to activate and failed to notify law enforcement when breached by the burglars.

15.    On or about October 21, 2003, Defendant, ADT, and DOES 1 through 25, inclusive, provided Plaintiff's insured, NEW SHAN JEWELERS, with a Mercantile Burglar Alarm System Certificate (hereinafter "certificate") from Underwriters Laboratories (hereinafter "UL") of which contained an expiration date of October 21, 2008.

16.    The UL Certificate is Defendant, ADT's, and DOES 1 through 25, inclusive, declaration and representation that the alarm system is designed, installed, tested, maintained, monitored and complete in accordance with UL Standards and the UL Certificate which was issued by Defendant, ADT, and DOES 1 through 25, inclusive to Plaintiff's insured, NEW SHAN JEWELERS, on or about October 21, 2003.

17.    Pursuant to the above-described Policy issued to the insured, which was in effect on the date of loss, Plaintiff, JEWELERS MUTUAL INSURANCE COMPANY, paid for property damages and losses in the amount of at least $415,732.05 to or on behalf of its insured, NEW SHAN JEWELERS.

## FIRST CAUSE OF ACTION

### (For Breach of Underwriter Laboratories Certificate Against All Defendants)

18.    Plaintiff incorporates and re-alleges by reference each and every allegation contained in paragraphs 1 through 17, as though fully set forth herein.

- 3 -

**COMPLAINT**

1    19.  On or about October 21, 2003, Defendant, ADT, and DOES 1 through 25, inclusive,

2  and Plaintiff's insured, NEW SHAN JEWELERS, entered into a written contract wherein the terms

3  were governed by a UL Mercantile Burglar Alarm System Certificate.

4    20.  Defendant, ADT, and DOES 1 through 25, inclusive, and each of them, breached the

5  terms of the UL Mercantile Burglar Alarm System Certificate by failing to provide "Safe Complete

6  Protection" for two Safes on August 27, 2005.

7    21.  As a direct result of the breach of the UL Certificate, Defendant, ADT, and DOES 1

8  through 25, inclusive, and each of them, NEW SHAN JEWELERS was burglarized and the safes'

9  alarms did not trigger to alert the proper authorities.  Plaintiff, JEWELERS MUTUAL

10  INSURANCE COMPANY, paid for property damages and losses in the amount of at least

11  $415,732.05 to or on behalf of its insured, NEW SHAN JEWELERS.

12                **SECOND CAUSE OF ACTION**

13                **(For Fraud Against All Defendants)**

14    23.    JEWELERS MUTUAL INSURANCE COMPANY hereby incorporates by

15  reference paragraphs 1 through 22, inclusive, as though fully set forth at length herein.

16    24.    On or about October 21, 2003, Defendant, ADT, and DOES 1 through 25, and each

17  of them, misrepresented to Plaintiff's insured, NEW SHAN JEWELERS, that the two safes in

18  SHAN JEWELERS were armed and connected pursuant to UL Standards.  From the UL Certificate

19  issuance date of October 21, 2003 to the date of the loss in this matter, August 27, 2005, and

20  without the knowledge, consent, or authority of Plaintiff, Plaintiff's insured, NEW SHAN

21  JEWELERS or UL, Defendant, ADT, and DOES 1 through 25, and each of them, deceptively did

22  not comply in any material respects with the requirements mandated by UL Standards and the UL

23  Certificate issued by Defendant, ADT, and DOES 1 through 25, and each of them, to Plaintiff's

24  insured, NEW SHAN JEWELERS, in that the Safe Complete Protection was in actuality never

25  connected to the alarm system at all.

26    25.    On or about August 27, 2005, Defendant, ADT, and DOES 1 through 25, and each

27  of them, had the knowledge that the "burglar alarm system" was not properly activated and failed

28  to activate under ordinary use and allowed burglars to enter NEW SHAN JEWELERS without the

- 4 -

1  notification of law enforcement, due to the failure of Defendant, ADT, and DOES 1 through 25,
2  and each of them, to connect the alarms' vibration and heat sensors within the safes and complete
3  its installation.

4      26.    Defendant, ADT, and DOES 1 through 25, and each of them, intended to induce
5  Plaintiff's insured, NEW SHAN JEWELERS, to rely on the statements of Defendant, ADT, and
6  DOES 1 through 25, and each of them, that the safes in NEW SHAN JEWELERS was activated
7  and armed, as indicated and outlined in the UL Certificate.

8      27.    As a result of the representations of Defendant, ADT, and DOES 1 through 25, and
9  each of them, Plaintiff's insured, NEW SHAN JEWELERS, justifiably relied on the
10  representations by Defendant, ADT, and DOES 1 through 25, and each of them, that NEW SHAN
11  JEWELERS was protected by an "burglar alarm system" as indicated in the UL Certificate.

12      28.    At all times relevant herein, and upon information and belief, Defendants,  ADT,
13  and DOES 1 through 25, and each of them, intended that Plaintiff's insured rely upon the
14  representations and to charge a price for installation, service and monitoring for its own profit and
15  financial gain.

16      29.    At all times relevant herein, Plaintiff's insured's reliance upon the false and
17  misleading representations of Defendants was a substantial factor in causing Plaintiff to suffer
18  damages, for a wholly inadequate "UL burglar alarm system" and by reason thereof, Plaintiff did
19  suffer financial harm and damages as set forth herein and has not been compensated in any way for
20  the unlawful and fraudulent acts by ADT, and DOES 1 through 25, and each of them.

21      30.    As a direct and proximate result of the fraudulent, misleading and malicious
22  conduct of Defendants, ADT, and DOES 1 through 25, and each of them, as set forth herein,
23  Plaintiff has sustained substantial financial harm and damages, including, but not limited to
24  payment of at least $415,732.05 for property damages and losses to its insured.

25      31.    At all times relevant herein, the conduct of Defendants, ADT, and DOES 1 through
26  25, and each of them, was so malicious, oppressive and/or fraudulent that imposition of exemplary
27  damages in an amount sufficient to punish said Defendants and deter others similarly situated from
28  engaging in such conduct in the future is appropriate, necessary and justified, and is herein

1  requested according to clear and convincing proof at the time of trial.  As a direct and legal result

2  of the fraud by Defendant, ADT, and DOES 1 through 25, and each of them, JEWELERS

3  MUTUAL INSURANCE COMPANY, to date, has paid its insured at least $415,732.05 for

4  property damages and losses.  JEWELERS MUTUAL INSURANCE COMPANY seeks recovery

5  of that amount, plus any additional amounts expended in the future, from Defendant, ADT, and

6  DOES 1 through 25, and each of them, together with costs of suit and prejudgment interest thereon

7  at the legal rate from the date of loss and punitive damages.

8  <u>**THIRD CAUSE OF ACTION**</u>

9  **(For Negligent Misrepresentation Against All Defendants)**

10        32.      Plaintiff hereby incorporates by reference paragraphs 1 through 31, inclusive, as

11  though fully set forth at length herein.

12        33.      JEWELERS MUTUAL INSURANCE COMPANY is informed and believes and,

13  based on that information and belief, alleges that prior to, and during the designing, installing, and

14  supplying parts for and of the "UL Certified burglar alarm system," Defendant, ADT, and DOES 1

15  through 25, and each of them, negligently misrepresented to Plaintiff's insured, NEW SHAN

16  JEWELERS, and JEWELERS MUTUAL INSURANCE COMPANY, that the "UL Certified

17  burglar alarm system" would be designed and installed using parts and supplies that were

18  consistent with the design plan as well as industry standards, in a reasonably workmanlike manner.

19        34.      The representations of Defendant, ADT, and DOES 1 through 25, and each of them,

20  were false, and were made without reasonable grounds for believing the representations to be true.

21        35.      Nevertheless, Defendant, ADT, and DOES 1 through 25, and each of them, made

22  those representations with the intent to induce Plaintiff's insured, NEW SHAN JEWELERS, and

23  JEWELERS MUTUAL INSURANCE COMPANY to rely on those representations and to hire

24  Defendant, ADT, and DOES 1 through 25, and each of them, to design, install, and provide

25  supplies and parts for the "UL Certified burglar alarm system."

26        36.      The alarm system was not designed, installed, or used prudent parts and supplies in

27  a proper manner and free from defects, and in fact Plaintiff's insured's property was burglarized

28  due to the failure to properly install the "UL Certified burglar alarm system" causing additional

- 6 -

1  damages, even though it was represented to Plaintiff's insured, NEW SHAN JEWELERS, that the

2  "UL Certified burglar alarm system" was properly installed, functional and complete.

3      37.    At the time these representations were made, Plaintiff's insured, NEW SHAN

4  JEWELERS, and JEWELERS MUTUAL INSURANCE COMPANY, were ignorant of their

5  falsity and believed them to be true.

6      38.    In reliance on these representations of Defendant, ADT, and DOES 1 through 25,

7  and each of them, Plaintiff's insured, NEW SHAN JEWELERS, and JEWELERS MUTUAL

8  INSURANCE COMPANY were induced to, and did in fact, enter into an agreement to hire

9  Defendant, ADT, and DOES 1 through 25, and each of them, to design, install, and provide

10  supplies and parts for the "burglar alarm system."

11      39.    JEWELERS MUTUAL INSURANCE COMPANY and Plaintiff's insured, NEW

12  SHAN JEWELERS, did not, and with reasonable care could not, discover the material

13  misrepresentations and omissions of Defendant, ADT, and DOES 1 through 25, and each of them,

14  until the investigation was commenced following the burglary at NEW SHAN JEWELERS.

15      40.    As a direct and proximate result of the negligent misrepresentations and omissions,

16  JEWELERS MUTUAL INSURANCE COMPANY, to date, has paid its insured at least

17  $415,732.05, for property damages and losses.  JEWELERS MUTUAL INSURANCE

18  COMPANY seeks recovery of that amount, plus any additional amounts expended in the future,

19  from Defendant, ADT, and DOES 1 through 25, and each of them, together with costs of suit and

20  prejudgment interest thereon at the legal rate from the date of loss.

21                    **FOURTH CAUSE OF ACTION**

22    **(For Violations of California's Business and Professions Code §§7599.50, 7599.55, and**

23                 **7599.58 Against All Defendants)**

24      41.    Plaintiff hereby incorporates by reference paragraphs 1 through 40, inclusive, as

25  though fully set forth at length herein.

26      42..    California Business and Professions Code §7599.50 states in pertinent part:

27          "7599.50 No licensee shall willfully depart from or disregard any plans or
           specifications, or in the absence of specific requirements, within the plans or
28          specifications of accepted trade standards for good and workerlike construction in

                            - 7 -

1   any material respect and prejudicial to another, without consent of the owner or his
2   or her duly authorized representative, and without the consent of the person entitled to have the particular installation of alarm system substantially completed in accordance with such plans and specifications. . . ."

3

4   43.   Defendant, ADT, and DOES 1 through 25, and each of them, willfully departed and disregarded from its plans and specifications with the installation of the alarm system without the

5   knowledge, consent, or authority of Plaintiff's insured, NEW SHAN JEWELERS.

6   44.   Defendant, ADT, and DOES 1 through 25, and each of them, failed to complete the

7   installation of the alarm system installation without the knowledge, consent, or authority of

8   Plaintiff's insured, NEW SHAN JEWELERS.

9   45.   California Business and Professions Code §7599.55 states in pertinent part:

10   "7599.55  No licensee shall make any untrue or misleading statements in connection
11   with the business of the licensee.  "Untrue or misleading statements" include, but are not limited to, a representation by an alarm company operator or agent that:
12   (a) An alarm system is "Underwriters Laboratory approved or listed" (UL approved or listed) unless the entire system, and not only one or more components,
13   is in fact, UL approved or listed.
    (b) An alarm system is insurance approved, police approved, or approved by the
14   Department of Defense, unless in fact the approval has been obtained in writing."

15   46.   Defendant, ADT, and DOES 1 through 25, and each of them, made untrue and

16   misleading statements to Plaintiff's insured, NEW SHAN JEWELERS, by representing in its UL

17   Certificate that two safes were protected "complete" when in actuality they were not protected or

18   connected to the "burglar alarm system" at all.

19   47.   Defendant, ADT, and DOES 1 through 25, and each of them, made untrue and

20   misleading statements to Plaintiff's insured, NEW SHAN JEWELERS, by representing that the

21   subject alarm system was Underwriters Laboratories, Inc. listed, when in actuality the system was

22   provided in gross deviation to UL Standards, and was not in compliance with UL Standards, based

23   on what was purported to be provided on the UL Certificate, that Defendant, ADT, and DOES 1

24   through 25, and each of them, issued to Plaintiff's insured, NEW SHAN JEWELERS.

25   48.   California Business and Professions Code §7599.58 states in pertinent part:

26   "7599.58  No alarm company operator shall:
    (a) Knowingly install a defective alarm system.
27   (b) Willfully fail to service the alarm system pursuant to the terms of the warranty or service agreement.
28   (c) Willfully fail to notify the owner of a defective system when the alarm

- 8 -

1   company operator makes a discovery of a defect in a system after installation.
    (d) Willfully fails to provide any service described in the agreement pursuant to
2   Section 7599.54."

3       49.     Defendant, ADT, and DOES 1 through 25, and each of them, knowingly installed a

4   defective alarm system and concealed this material information from Plaintiff's insured, NEW

5   SHAN JEWELERS.

6       50.     Defendant, ADT, and DOES 1 through 25, and each of them, willfully failed to

7   service and maintain the alarm system pursuant to the requirements mandated by UL Standards that

8   the alarm service company, being Defendant, ADT, and DOES 1 through 25, and each of them,

9   maintain the alarm system, which would have included but not be limited to verifying that all of

10  the protection set forth on the UL Certificate was functional and complete.

11      51.     Defendant, ADT, and DOES 1 through 25, and each of them, willfully failed to

12  notify the owner that the UL Certificated Alarm System was defective when they knew that the

13  critical safe protection was not connected to the "burglar alarm system" at all.

14      52.     Defendant, ADT, and DOES 1 through 25, and each of them, willfully failed to

15  provide service to the subject alarm system pursuant to UL Standards and the UL Certificate which

16  required Defendant, ADT, and DOES 1 through 25, and each of them, to verify that the system was

17  complete and functional and provided the schedule of protection as set forth on the UL Certificate.

18      53.     As a direct and proximate result Defendant, ADT, and DOES 1 through 25, and

19  each of them, violations of the California's Business and Professions Code §§7599.50, 7599.55,

20  and 7599.58, JEWELERS MUTUAL INSURANCE COMPANY, to date, has paid its insured at

21  least $415,732.05, for property damages and losses. JEWELERS MUTUAL INSURANCE

22  COMPANY seeks recovery of that amount, plus any additional amounts expended in the future,

23  from Defendant, ADT, and DOES 1 through 25, and each of them, together with costs of suit and

24  prejudgment interest thereon at the legal rate from the date of loss.

25                          **FIFTH CAUSE OF ACTION**

26              **(For Negligence Per Se Against All Defendants)**

27      54.     Plaintiff hereby incorporate by reference paragraphs 1 through 53, inclusive, as

28  though fully set forth at length herein.

- 9 -

55.    Defendant, ADT, and DOES 1 through 25, failed to exercise its due care by negligently supervising its employees so as to fail to properly install the "UL Certified burglar alarm system" by failing to connect the alarm's vibration and heat sensors within the safes and directly and legally caused the damages described above.

56.    Defendant, ADT and DOES 1 through 25, and each of them, violated California's Business and Professions Codes §§7599.50, 7599.55, and 7599.58 by failing to follow the guidelines set forth in each respective statute.

57.    As a proximate result of Defendant, ADT and DOES 1 through 25, and each of them, violation of California's Business and Professions Codes §§7599.50, 7599.55, and 7599.58, JEWELERS MUTUAL INSURANCE COMPANY and Plaintiff's insured, NEW SHAN JEWELERS, suffered damages in the amount of at least $415,732.05.

58.    The damages sustained by JEWELERS MUTUAL INSURANCE COMPANY and Plaintiff's insured, NEW SHAN JEWELERS, are of the type that California's Business and Professions Codes sought to protect and prevent from occurring.

59.    JEWELERS MUTUAL INSURANCE COMPANY and Plaintiff's insured, NEW SHAN JEWELERS, are of the class for whose protection the above referenced statutes, ordinances, or regulations were adopted.

60.    As a direct and proximate result Defendant, ADT's, and DOES 1 through 25, and each of them, negligence per se, JEWELERS MUTUAL INSURANCE COMPANY, to date, has paid its insured at least $415,732.05, for property damages and losses. JEWELERS MUTUAL INSURANCE COMPANY seeks recovery of that amount, plus any additional amounts expended in the future, from Defendant, ADT, and DOES 1 through 25, and each of them, together with costs of suit and prejudgment interest thereon at the legal rate from the date of loss.

WHEREFORE, Plaintiff, JEWELERS MUTUAL INSURANCE COMPANY prays for judgment against Defendant, ADT, and DOES 1 through 25, and each of them, as follows:

1.    For the costs of property related damage suffered by NEW SHAN JEWELERS and covered by JEWELERS MUTUAL INSURANCE COMPANY's insurance policy, which to date totals at least $415,732.05;

- 10 -

2.      For pre and post-judgment interest;

3.      For its costs of suit incurred herein;

4.      For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct; and

5.      For such other relief as the Court deems just and proper.

DATED: February 27, 2008

Respectfully submitted,

PIERCE & WEISS, LLP

BRIAN S. LETOFSKY, ESQ.
Attorney for Plaintiff,
JEWELERS MUTUAL INSURANCE COMPANY

F:\docs\afn\afn234\Plead\Complaint 4.wpd

- 11 -

**COMPLAINT**

**EXHIBIT B**

SUM**IONS**                                                                      SUM-100
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADT SECURITY SERVICES, INC., a Corporation, and DOES
1 through 25, inclusive

ENDORSED
FILED

2008 MAR -5  P 3:07

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEWELERS MUTUAL INSURANCE COMPANY,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA CLARA SUPERIOR COURT<br>191 N. First Street<br>San Jose, CA  95113 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian S. Letofsky - SBN: 159232                  (714) 778-5038   (714) 778-1467
PIERCE & WEISS, LLP
451 West LMAH Imba Avenue, Suite B100
Anaheim, CA  92805

| DATE:<br>*(Fecha)*  MAR - 5 2008 | Kiri Torre    Clerk, by<br>*(Secretario)* | _____, Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1.  ☐  as an individual defendant.<br>2.  ☐  as the person sued under the fictitious name of *(specify):*<br><br>3.  ☒  on behalf of *(specify):*  ADT Security Services Inc., a<br>corporation<br>under:  ☒  CCP 416.10 (corporation)          ☐  CCP 416.60 (minor)<br> ☐  CCP 416.20 (defunct corporation)      ☐  CCP 416.70 (conservatee)<br> ☐  CCP 416.40 (association or partnership)  ☐  CCP 416.90 (authorized person)<br> ☐  other *(specify):*<br>4.  ☒  by personal delivery on *(date):* |

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: ~~108CV-107489~~

### READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons and Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:  If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Mary Jo Levinger**  _____  Department: ___5___

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

Date: JUL 2 9 2008 _____  Time: **2:15 PM** ___  in Department ___5___

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

Date: _____  Time: _____  in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:*  Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

< Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION