1  Brian S. Letofsky, Esq. - Bar No. 159232
   Simran Singh, Esq. - Bar No. 231308
2  PIERCE & WEISS, LLP
   Attorneys at Law
3  6300 Wilshire Boulevard, Suite 1890
   Los Angeles, CA 90048
4  (323) 655-3099; Fax: (323) 655-3599

5  Attorneys for Plaintiff,
   JEWELERS MUTUAL INSURANCE
6  COMPANY

7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA  - SAN JOSE DIVISION

10

11  JEWELERS MUTUAL INSURANCE          )   No.  C0802035 HRL
    COMPANY,                           )
12                                     )   **JEWELERS MUTUAL INSURANCE**
               Plaintiff,              )   **COMPANY'S OPPOSITION TO ADT**
13                                     )   **SECURITY SERVICES, INC.'S MOTION**
        vs.                            )   **TO DISMISS COMPLAINT**
14                                     )
    ADT SECURITY SERVICES, INC., a     )   Date:   September 8, 2009
15  Corporation, and DOES 1 through 25, inclusive, )   Time:   9:00 a.m.
                                       )
16             Defendants.             )
                                       )
17  _____)

18

19      Plaintiff, JEWELERS MUTUAL INSURANCE COMPANY, through its attorney, files this

20  opposition in response to Defendant's motion to dismiss the Plaintiff's complaint.

21              **MEMORANDUM OF POINTS AND AUTHORITIES**

22                      **1. INTRODUCTION**

23      This matter arises from a burglary incident that occurred at the Plaintiff's insured's place of

24  business, New Shan Jewelers, on August 27, 2005.  Defendant, ADT Security Services, Inc.

25  ("ADT"), alleges that the underlying matter at issue is what amounts to a breach of a contractual

26  agreement between ADT and Plaintiff's insured, which is attached as Exhibit "A" to the

27  Declaration of Mia O. Slovesson.  Through this Motion, Plaintiff will illustrate how the contractual

28  agreement and its provisions are unenforceable due to ADT's failure to perform the contract during

- 1 -

1  installation and through blatant fraudulent misrepresentations to Plaintiff's insured that it alarms

2  were being monitored.  ADT charged for and was paid by Plaintiff's insured for monitoring of an

3  alarm system that was never even in working order.

4       The contractual agreement is wholly and completely unenforceable due to ADT's

5  fraudulent representations of promising to fulfill all portions of the contractual agreement and

6  without any intention of actually fully performing on the very contractual agreement that ADT is

7  attempting to convey to the Court to be a complete defense to the causes of action Plaintiff has

8  brought before the Court.

9       Plaintiff contends that ADT failed to properly install, activate and monitor alarm zones 7

10  and 8, which are the zones for the critical safe alarms.  As a result of ADT's failure to properly

11  install, activate and monitor alarm zones 7 and 8, the contractual agreement between ADT and

12  Plaintiff's insured was never fully performed by ADT.  Therefore, without performance of the

13  contract by ADT, the contract is void and the terms and provisions that ADT are relying upon are

14  inapplicable.

15       ADT's entire Motion is premised on the theory that a valid contractual agreement existed

16  between Plaintiff's insured and ADT, which will be shown to be a complete distortion of the facts

17  and the plead nature of the subject complaint.

18                      **2. LEGAL ARGUMENT**

19  **A.**     **Legal Standard to be Considered by the Court for this Motion.**

20       "A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure

21  12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Stone v. Travelers Corp.,

22  58 F.3d 434, 436-37 (9th Cir. 1995).  Review is limited to the contents of the complaint.

23  Argabright v. United States, 35 F.3d 472, 474 (9th Cir. 1994).  All allegations of material fact are

24  taken as true and construed in the light most favorable to the nonmoving party. National Wildlife

25  Federation v. Espy, 45 F.3d 1337, 1340 (9th Cir. 1995).  A complaint should not be dismissed

26  unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which

27  would entitle him to relief." Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th

28  Cir. 1995).  White v. Allstate Ins. Co., 1996 U.S. App. LEXIS 27462 (9th Cir. 1996).

1    "The pleadings need not allege facts constituting the claim for relief for defense.  They need

2    only give fair notice of the pleader's claim or defense so that opposing parties can respond,

3    undertake discovery and prepare for trial."  <u>Conley v. Gibson</u> (1957) 355 U.S. 41, 45 - 46, 78 S.Ct.

4    99, 102.

5    **B.      There Is Not A Valid Contract As Alleged By ADT**

6        ADT claims that Plaintiff's claims are all barred due to ADT's belief that the contractual

7    agreement between ADT and Plaintiff's insured is valid and enforceable.  As plead in Plaintiff's

8    complaint, Plaintiff is alleging that ADT has committed fraud in regards to the very agreement that

9    ADT is wrongfully seeking to enforce as a contractual agreement, which therefore reflects no

10    contractual agreement existing.

11        It is essential to the existence of a contract that there should be:

12            1. Parties capable of contracting;

13            2. Their consent;

14            3. A lawful object; and,

15            4. A sufficient cause or consideration. <u>Cal Civ Code</u> § 1550.

16        An apparent consent is not real or free when obtained through duress, menace, *fraud*, undue

17    influence or mistake.  <u>Cal Civ Code</u> § 1567. [Emphasis added].  "Apparent consent is not real or

18    free when obtained by fraud." <u>M. G. Chamberlain & Co. v. Simpson</u> (1959, Cal App 2d Dist) 173

19    Cal App 2d 263, 343 P2d 438, 1959 Cal App LEXIS 1584.

20        "In its broad general sense, the concept of fraud embraces anything that is intended to

21    deceive, including any statement, act, concealment, and omission involving a breach of legal or

22    equitable duty, trust, or confidence that results in injury to one who justifiably relies on it." <u>Ach v.</u>

23    <u>Finkelstein</u> (1968) 264 Cal. App. 2d 667, 674, 70 Cal. Rptr. 472.  "The necessary elements of

24    actual fraud are (1) misrepresentation (a false representation, concealment, or nondisclosure), (2)

25    knowledge of falsity of the misrepresentation (scienter), (3) the intent to defraud (to induce

26    reliance), (4) justifiable reliance, and (5) resulting damage". <u>Molko v. Holy Spirit Ass'n</u> (1988) 46

27    Cal. 3d 1092, 1108, 252 Cal. Rptr. 122, 762 P.2d 46 ; <u>Seeger v. Odell</u> (1941) 18 Cal. 2d 409, 414,

28    115 P.2d 977 ; <u>Hohe v. San Diego Unified Sch. Dist.</u> (1990) 224 Cal. App. 3d 1559, 1565, 274

- 3 -

1  Cal. Rptr. 647 ; <u>South Tahoe Gas Co. v. Hofmann Land Improvement Co.</u> (1972) 25 Cal. App. 3d

2  750, 765, 102 Cal. Rptr. 286.

3      In the present matter, Plaintiff's insured consented to the installation of a burglar alarm

4  security system that contained, amongst other features, security for Plaintiff's insured's safes and

5  monitoring of the security system.  Plaintiff's insured relied on the statements of ADT, ADT's

6  contractual agreement and on the Underwriter's Laboratories certificate provided by ADT, that the

7  safes would be armed with heat and vibration sensors.  It was Plaintiff's insured's belief, at the

8  time of the burglary, that all features were installed and functioning.  As a result of Plaintiff's

9  insured's mistaken belief, due to the fraudulent misrepresentations involving concealment and/or

10 non-disclosures, of ADT, Plaintiff's insured entered into the contractual agreement with ADT.

11     Plaintiff's insured is not in the industry of installing and maintaining security systems and

12 does not maintain the expertise to determine whether or not a security system has been properly

13 installed and monitoring its facility.  Plaintiff's insured reasonably relied on the fraudulent

14 misrepresentations of ADT that the security system was properly installed.  Plaintiff calls the

15 Court's attention to ADT's contractual agreement where the agreement specifically states under

16 "description" of products being sold/installed that 2 VVS sensors for safe and 2 heat detectors for

17 safe were purchased by Plaintiff's insured.  Attached as Exhibit "A" to the Declaration of Mia O.

18 Solvesson.

19     To further illustrate Plaintiff's insured's justifiable reliance on ADT's representations, ADT

20 provided Plaintiff's insured with a certificate from Underwriters Laboratories ("UL") that

21 specifically indicated that the installation of the alarm conformed with the standards of UL.  There

22 is no other purpose for providing Plaintiff's insured with this certificate but to induce Plaintiff's

23 insured into believing that the installation of the security system was done properly and to those

24 very high standards of UL.  It can only be presumed that ADT used the UL certificate to induce

25 reliance and as a selling point to Plaintiff's insured.  A reasonable person would take comfort in a

26 representation that a product is being sold, installed and monitored under nationally used

27 professional standards.

28

1    Plaintiff has plead with specificity in the complaint, specifically paragraphs 23 through 31,

2  all of the required elements for the cause of action of fraud.  The fraudulent act identified in the

3  complaint is ADT's failure to connect the alarms on the safes, of which the incident occurred on

4  August 27, 2005, and it was ADT's employees who engaged in the fraudulent acts.  ADT

5  apparently expects Plaintiff to know every detail of ADT's own business without even the need to

6  conduct discovery.  Plaintiff's complaint explicitly states that the cause of action for fraud

7  incorporates the entire complaint.  Either ADT failed to read the Complaint or is intentionally

8  wasting this Court's time.  Regardless of ADT's intentions, the motion to dismiss must be denied

9  as it fails to meet the necessary standard.

10    Notwithstanding the foregoing, Plaintiff's complaint was initially filed in the State Court in

11  California, for ADT to then expect the original complaint to be conform to all of the standards

12  under Federal law is simply unreasonable.  It was ADT who removed the action to the instant

13  Court, not Plaintiff.

14    In fact, nowhere in ADT's Motion is any denial that ADT did not misrepresent the

15  installation of the security system and monitoring of a faulty system, nor any denial that Plaintiff's

16  insured did not justifiably rely on the representations of ADT.  ADT's sole position in the entire

17  Motion is that a contractual agreement existed which bars any Plaintiff from any recovery outside

18  of what is listed in the onerous, oppressive, "take it or leave it" adhesion contracts which includes

19  boilerplate language waiving any and all potential rights and causes of action possible.

20    Moving party (ADT) has been put on notice of the claims and can respond, undertake

21  discovery and prepare for trial based upon the factual allegations in the complaint.  Plaintiff

22  believes that ADT's arguments are an attempt to get into the substantive facts of the case and argue

23  legal theories which are more properly brought forth during substantive legal motions.  It is readily

24  apparent that the central issue in the case is whether or not a contractual agreement existed between

25  Plaintiff's insured and ADT, and whether Plaintiff's allegations of failure to perform the contract

26  due to fraudulent misrepresentations causes the contract to be invalid and void, thereby negating all

27  of ADT's arguments that Plaintiff's remedies are controlled and dictated by the language of the

28  contractual agreement.  Because Plaintiff believes that the contract is invalid, unenforceable and

F:\docs\afn\afn234\Plead\OppMxDismiss.wpd        Opposition to Motion to Dismiss No. C 08 02035 HRL

1  void, Plaintiff's rights to subrogation have not been waived, Plaintiff's rights to bring tort based

2  claims have not been barred and Plaintiff's damages have not been limited.

3      Curiously, Defendant cites <u>Better Food Markets, Inc. v. American Dist. Tel. Co.</u>, 40 Cal. 2d

4  179, 189 (Cal. 1953), a case that has been superceded by statute, in an attempt to substantiate

5  Defendant's position that a tort duty cannot arise out of a contractual duty. Again, first and

6  foremost, no contract existed because Defendant did not perform their contractual duties.

7  Notwithstanding that utmost vital fact, in <u>Better Food Markets</u>, the Court focused on two issues in

8  this matter, the most significant issue being the enforceability of a liquidated damages provision.

9  The second issue the Court addressed regarded the Defendant's failure in this case to contact the

10  local authorities after a robbery was under way. The Court found that:

11      "There is evidence upon which it could have been found that the loss was the proximate
        result of the defendant's delay in responding to the alarms. There was but one individual
12      committing the burglary. He acted deliberately and there is reason to believe that the
        agreement between the parties was entered into with the intention of providing for the
13      apprehension of such a person before he left the premises. The time and distance factors
        indicate that this particular burglar may have been caught had the police and guards been
14      called to the premises a few minutes earlier, and that the delay of nine minutes after the safe
        had been opened permitted the escape. Such probabilities are to be weighed in the light of
15      common experience in such matters and present a triable issue of fact. *There was
        substantial evidence from which a jury could have found that the plaintiff's loss was the
16      proximate result of the defendant's breach of its contract.* Therefore it was error for the
        trial court to order judgment for the defendant on its motion for a directed verdict.

17
        [Emphasis added] *See Better Food Markets*, 40 Cal. 2d at 183.
18

19      Defendant's cite in Defendant's motion of the <u>Better Food Markets</u> case is referencing the

20  liquidated damages issue that arises out of the breach of the duty related to the liquidated damages

21  provision. The Court recognizes that the breach of the contract did occur, but then went on to

22  solve the issue of damages. Plaintiff again contends, this authority and citation by Defendant is not

23  relevant to the proceedings as, a contractual relationship between Plaintiff and Defendant did not

24  exist because Defendant never fully performed the contact.

25      Furthermore, even if the Court finds that the contract did in fact exist between Plaintiff and

26  Defendant, it is basic contract law that a tort duty <u>can</u> arise out of a breach of contract. "'It may be

27  granted that an omission to perform a contract obligation is never a tort, unless that omission is

28  also an omission of a legal duty. But such legal duty . . . may spring from extraneous

- 6 -

1  circumstances not constituting elements of the contract as such, although connected with and

2  dependent upon it and born of that wider range of legal duty which is due from every man to his

3  fellow, to respect his rights of property and person, and refrain from invading them by force or

4  **fraud.**' A tort may grow out of or make a part of, or be coincident with a contract. The fact that

5  there existed a contract between the plaintiffs and the defendant would not immune the latter from

6  the penalty that is ordinarily visited upon tort-feasors." Jones v. Kelly, 208 Cal. 251, 255 (Cal.

7  1929). [Emphasis added]. Plaintiff has plead with particularity the fraudulent misrepresentations

8  of Defendant in inducing Plaintiff's insured to believe that the purchased products and services

9  from Defendant were fully performed by the Defendant.

10       The case of City & County of San Francisco v. Cambridge Integrated Servs. Group, Inc.,

11  2007 U.S. Dist. LEXIS 51376, 5-7 (N.D. Cal. July 2, 2007), specifically addressed the issue of tort

12  actions and their relation to breaches of contracts.

13       "In Eads v Marks, 39 Cal 2d 807, 249 P.2d 257 (1952), the California Supreme Court
     reversed an order sustaining a demurrer to a complaint alleging negligent performance of an
14   agreement between defendant dairy company and plaintiffs. Plaintiffs sued defendant for
     damages for personal injuries suffered by their one-year-old child because of defendant's
15   negligence in leaving empty bottles outside plaintiffs' house in violation of plaintiffs'
     instructions to leave the bottles inside the house and beyond reach of the child. The
16   plaintiffs alleged that their letter of instructions constituted an agreement made with
     defendant for the benefit of their child. Defendant argued that, assuming there was a valid
17   agreement, plaintiffs had no tort cause of action for failure to perform. The court disagreed:

18   *The same act may be both a tort and a breach of contract.* Even where there is a
     contractual relationship between the parties, *a cause of action in tort may sometimes arise*
19   *out of the negligent manner in which the contractual duty is performed, or out of a failure*
     *to perform such duty.* Here, the duty of care arose by reason of the contract, and plaintiff
20   has sued in tort for the breach of that duty. The contract is of significance only in creating
     the legal duty, and the negligence of the defendant should not be considered as a breach of
21   contract, but as a tort governed by tort rules. Where the cause of action arises from the
     breach of a contractual duty, the action is delictual notwithstanding that it also involves a
22   breach of contract. In situations such as this, there is contractual negligence or the breach
     of a primary duty owed to the injured party. A tort may grow out of or be coincident with a
23   contract, and *the existence of a contractual relationship does not immunize a tort feasor*
     *from tort liability for his wrongful acts in breach of the contract.* Contractual negligence
24   ordinarily gives rise to an action either on contract or in tort, and the injured party may at
     his election waive the contract and sue in tort; or waive the tort and base his action on the
25   contract alone. In general, however, it has been held that actions based on negligent failure
     to perform contractual duties are regarded as delictual actions, since negligence is
26   considered the gravamen of the action. Eads at 810-12 (citations omitted).

27   In North American Chemical Co v Superior Court, 59 Cal App 4th 764, 69 Cal. Rptr. 2d
     466 (1997), a chemical company brought an action seeking recovery of sums that it paid as
28   damages in settlement of a customer's claim that arose from a contaminated chemical
     product packaged and shipped for plaintiff by defendant. The court held that plaintiff was

- 7 -

1  entitled to bring a tort action where the packaging and shipping contract "imposed upon the
2  [defendant] a duty of reasonable care in carrying out and performing that contract." Id at
   776. The court stated:

3  This court recently endorsed the general rule that where the "negligent" performance of a
4  contract amounts to nothing more than a failure to perform the express terms of the
   contract, the claim is one for contract breach, not negligence. However, for over 50 years
5  California has also recognized the fundamental principle that *"[a]ccompanying every
   contract is a common-law duty to perform with care, skill, reasonable expedience, and
6  faithfulness the thing agreed to be done, and a negligent failure to observe any of these
   conditions is a tort, as well as a breach of the contract.'* The rule which imposes this duty
7  is of universal application as to all persons who by contract undertake professional or other
   business engagements requiring the exercise of care, skill and knowledge; the obligation is
8  implied by law and need not be stated in the agreement [citation]." A contract to perform
   services gives rise to a duty of care which requires that such services be performed in a
9  competent and reasonable manner. A negligent failure to do so may be both a breach of
   contract and a tort. In such a hybrid circumstance, the plaintiff is entitled to pursue both
10 legal theories until an occasion for an election of remedies arises. Id at 774-75 (citations
   omitted).

11 It is noteworthy that the court found that a contract measure of damages would not result in
   full compensation for defendant's alleged wrongful conduct. Id at 785. The standard for
12 measuring contract damages would limit the plaintiff to the contract price or the market
   value of the damaged chemical product. In contrast, the court found that plaintiff was
13 entitled to tort damages, which are designed to compensate for all damages proximately
   caused by the wrongful conduct. Id at 786." City & County of San Francisco v. Cambridge
14 Integrated Servs. Group, Inc., 2007 U.S. Dist. LEXIS 51376, 5-7 (N.D. Cal. July 2, 2007).
   [Emphasis added].

16     In the instant matter, the Defendant failed to perform the services contract with care, skill,

17 reasonable expedience and faithfulness in the installation of the burglar alarm by failing to arm the

18 safes, failed to recognize and observe this failure to perform which amounts to blatant negligence,

19 and therefore, a contractual relationship never materialized.

20     The most material fact in this matter, that negates every single citation the Defendant has

21 made is the failure to install the alarm. In every case cited by the Defendant, the alarm company

22 Defendant had completed installation of the alarm. In this particular case, the Defendant did not

23 complete the installation the alarm, which amounts to a failure to perform on the contract, and

24 therein the contract never materialized. Defendant then allegedly monitored the improperly

25 installed alarm system for an extensive period of time. Defendant conveniently requests the Court

26 to enforce provisions of a contract in which the Defendant failed to perform. It is a reflection of

27 the old saying, wanting to have its cake and eating it too.

28

**C.    Plaintiff's Claim for Breach of Underwriter Laboratories Certificate Gives Fair Notice.**

It is well established that pleading in Federal Court is notice pleading and that strict language or phrases, using boilerplate paragraphs, is not only unnecessary, but discouraged by the Courts.  The claims for relief in the pleading should be short and plain statements of the grounds upon which the Court has jurisdiction, the pleader's entitlement to relief and the demand for judgment for the relief the pleader seeks.  F.R.C.P. Rule 8.

Plaintiff maintains that the allegations in the complaint support a breach of UL Certificate claim.  There is language throughout the complaint indicating that the usage provision in the certificate was violated by the defendant.  As indicated previously, the use of the UL Certificate by ADT was an alleged contractual agreement between Plaintiff's insured and ADT that the burglary alarm system was installed based on the standards created by UL.  ADT knowingly used the UL Certificate to induce Plaintiff's insured to purchase services and products from ADT.  The usage of the UL Certificate was by ADT's own choosing, and Plaintiff's insured justifiably relied on the fraudulent misrepresentations of ADT in relation to its conforming to the standards of the UL Certificate.

**D.    Punitive Damages**

Plaintiff concedes ADT's citing of controlling California case law in regards to punitive damages not being assignable and Plaintiff will file a dismissal with prejudice as to this element of damages

**3.  CONCLUSION.**

Plaintiff respectfully requests this Court to deny moving party's motion to dismiss. Respectfully submitted.

Dated: August 7, 2008

PIERCE & WEISS, LLP

By: _____

BRIAN S. LETOFSKY
SIMRAN SINGH
Attorneys for Plaintiff,
JEWELERS MUTUAL INSURANCE
COMPANY