1  Mia Solvesson (SBN: 246291)
   msolvesson@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
3  San Francisco, California  94104-2828
   Telephone:    415.544.1900
4  Facsimile:    415.391.0281

5  Attorneys for Defendant
   ADT SECURITY SERVICES, INC.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                           **SAN JOSE DIVISION**

11 | JEWELERS MUTUAL INSURANCE | ) Case No.:  C 08 02035 JW |
   | COMPANY, | ) |
12 |  | ) |
   |         Plaintiff, | ) **ADT SECURITY SERVICES, INC.'S** |
13 |  | ) **REPLY IN SUPPORT OF ITS MOTION TO** |
   |     vs. | ) **DISMISS COMPLAINT** |
14 |  | ) |
   | ADT SECURITY SERVICES, INC., a | ) Date: September 8, 2008 |
15 | Corporation and DOES 1 through 25, inclusive, | ) Time: 9:00 a.m. |
   |  | ) Courtroom: 8 |
16 |         Defendants. | ) |
   |  | ) |
17 |  | ) Complaint Filed:  March 5, 2008 |

## INTRODUCTION

Defendant ADT submits this reply in support of its motion to dismiss Plaintiff's complaint. Contrary to Plaintiff's assertions, the Agreement, which clearly states that ADT did not assume the risk of loss implicated by this lawsuit, is valid and enforceable. Consequently, Plaintiff's complaint should be dismissed.

**ARGUMENT**

**I.    The Agreement is a valid and enforceable contract and, consequently, all of Plaintiff's claims are barred under the Agreement.**

The valid and enforceable Agreement controls the relationship between Plaintiff and ADT. Because the common law does not impose on ADT any duties to install and maintain Plaintiff's insured's security system, those duties begin and end with the Agreement. When there is a contract, for a separate tort duty to arise that is not determined by reference to the contract, there must be a breach of a duty distinct from a breach of contract. *See Better Food Mkts. v. Amer. Dist. Teleg. Co.*, 40 Cal. 2d 179, 187–88 (1953);[1] *see also Fireman's Fund Ins. Co. v. Morse Signal Devices*, 151 Cal. App. 3d 681, 687 (1984). No such separate duty exists in this case. Therefore, the Agreement controls the duties owed, if any.

Plaintiff does not refute that Plaintiff's insured entered into an agreement with ADT for the installation of the security alarm system that is at issue in this case. Nor does Plaintiff dispute the authenticity of the Agreement attached to ADT's motion to dismiss. Instead, Plaintiff argues for six pages in its nine-page Opposition that the Agreement is invalid and unenforceable because ADT "misrepresented" that it would comply with the Agreement and properly install, activate, and monitor alarm zones 7 and 8 when it allegedly did not do so. In other words, according to Plaintiff, the alleged breach of the Agreement is tortious. This, again, is nothing more than a strained, desperate attempt to circumvent that valid and applicable Agreement that effectively disposes of Plaintiff's entire case.

The failure to keep a contractual promise is a breach of contract, not fraud or misrepresentation. According to Plaintiff, "[t]he fraudulent act identified in the complaint is ADT's failure to connect the alarms on the safes," which of course, means that ADT allegedly breached the

---

[1] Contrary to what Plaintiff suggests in its Opposition, *Better Foods* has not been superseded by statute for the proposition cited in ADT's opening brief. *Better Foods* explain that "[a]lthough an action in tort may sometimes be brought for the negligent breach of a contractual duty, still the nature of the duty owed and the consequences of the breach must be determined by reference to the contract that created that duty." *Better Foods*, 40 Cal. 2d at 188 (internal citation omitted). Further, where a breach of duty is created only by contract, the application of a valid contractual provision may not be avoided by bringing an action in tort rather than in contract. *Id.*

Agreement. (Opp. 5:2-3.) And although ADT specifically denies Plaintiff's inaccurate factual claims that the alarm was never connected to the safes and that ADT breached the Agreement,[2] the mere breach of a contract is not a fraud. *Bradley v. Duty*, 73 Cal. App. 2d 522, 525 (1946). In order for a contractual promise to be fraudulent it must be made in bad faith, without any intention of performing it. *Warren v. Merrill*, 143 Cal. App. 4th 96 (2006); *O'Melia v. Adkins*, 73 Cal. App. 2d 143, 149 (1946).

Plaintiff also erroneously asserts that "a contractual relationship between Plaintiff and Defendant did not exist because Defendant never fully performed the contract." (Opp. 6:23-24.) Again, although ADT does not concede that it somehow failed to fully perform under the Agreement, such a breach does not instantly nullify the Agreement. Contract law is specifically designed to address the failure of a party to meet its promises under a contract; Plaintiff's suggestion that such failure automatically renders the entire contract null and void is absurd.

Additionally, the Agreement is not an unconscionable contract of adhesion, as Plaintiff suggests fleetingly and without argument, citation, or other support. (Opposition, 5:16-19). One must assume that the reason Plaintiff does not devote more than one unsupported sentence on the adhesion issue is because Plaintiff knows that the argument is a non-starter. Courts throughout California and the nation have overwhelmingly and consistently upheld the standard customer contracts utilized in the security alarm industry. This obviously is not a case where an alarm was essential to Plaintiff's existence, where Plaintiff only had one choice of alarm providers, and where Plaintiff was forced to enter into the Agreement. Plaintiff knows that it is a sophisticated business in a high-security and high-dollar industry that sought out and chose to do business with ADT from among dozens of competing commercial alarm companies.

Plaintiff's insured knowingly and voluntarily entered into the Agreement with ADT whereby the insured agreed to restrict or waive, among other things, all rights to bring a subrogation action

---

[2] Even though all material facts in the Complaint are taken as true and construed in the light most favorable to the nonmoving party, ADT refutes Plaintiff's allegations that ADT never installed the alarm to the safes. Not only had ADT installed the alarm to the safes, but Plaintiff's insured was fully aware that the alarm zones controlling its safes had triggered alarms in the past and had been repeatedly tested. Notwithstanding this denial of Plaintiff's factual assertions, the Court can still dismiss the Complaint at this stage of the litigation because, even viewing those factual assertions as true, they can never amount to more than mere breach of contract.

against ADT. Because Plaintiff has no more rights than its insured, Plaintiff too has waived the right to bring this action. Plaintiff's Complaint should be dismissed with prejudice.

**II.    Plaintiff's "Breach of Underwriters Laboratories Certificate" cause of action fails to state a claim upon which relief can be granted.**

Although Plaintiff argues that its "Breach of the Underwriters Laboratories ("UL") Certificate" cause of action is viable, it does not and cannot cite to any legal authority to support this creative, but unavailing argument. Plaintiff is fully aware that the alleged failure to comply with a private company's written guideline does not create an independent cause of action. This is nothing more than an obvious attempt to plead around the Agreement that is the sole source of any duties between Plaintiff and ADT.

**III.    Any Alleged Promises, Representations, or Statements Concerning the Alarm System or the UL Certificate were superseded by the Agreement.**

Although Plaintiff's entire lawsuit is premised on the allegation that ADT's representations that it would comply with its contractual obligations gives rise to tortious causes of action, the Agreement made clear that any such communications were subsumed by and superseded by the language in the Agreement. Section N of the Agreement provides

> **THIS AGREEMENT CONSITUTES THE ENTIRE AGREEMENT BETWEEN THE CUSTOMER AND ADT.  IN EXECUTING THIS AGREEMENT, CUSTOMER IS NOT RELYING ON ANY ADVICE OR ADVERTISEMENT OF ADT.  CUSTOMER AGREES THAT ANY REPRESENTATION, PROMISE, CONDITION, INDUCEMENT OR WARRANTY, EXPRESS OR IMPLIED, NOT INCLUDED IN WRITING IN THIS AGREEMENT SHALL NOT BE BINDING UPON ANY PARTY.  AND THAT, THE TERMS AND CONDITIONS HEREOF APPLY AS PRINTED WITHOUT ALTERATION OR QUALIFICATION, EXCEPT AS SPECIFICALLY MODIFIED IN WRITING.  THE TERMS AND CONDITIONS OF THIS AGREEMENT SHALL GOVERN NOTWITHSTANDING ANY INCONSISTENT OR ADDITIONAL TERMS AND CONDITIONS OR PURCHASE ORDER OR OTHER DOCUMENT SUBMITTED BY THE CUSTOMER.**

In short, Plaintiff and ADT agreed unequivocally that the Agreement was the sole basis of any rights, duties, and/or obligations between the two parties. Any and all promises, statements or representations of any nature were completely subsumed by the terms of the written Agreement. And the terms of the Agreement demonstrate beyond any doubt that Plaintiff has waived the right to

pursue the claims it pursues here. Consequently, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**IV.    Plaintiff, by not responding in its Opposition, concedes that it is not entitled to sue under California Business and Professions Code sections 7599.50, 7599.55, or 7599.58.**

Because Plaintiff did not respond in its Opposition, it implicitly concedes that the violation of California Business and Professions Code section 7599.50, 7599.55, or 7599.58 does not provide a means under which Plaintiff may sue. Therefore, ADT's assertion that there is no private right of action under Business and Professions Code sections 7599.50, 7599.55, or 7599.58 stands unopposed. Consequently, that cause of action is invalid, fails to state a cause of action upon which relief can be granted, and should be dismissed.

**V.    Plaintiff concedes in its Opposition that it is not entitled to punitive damages because they are not assignable under California Law.**

Plaintiff agrees in its Opposition that it is not entitled to punitive damages in this subrogation case because the right to punitive damages is personal and not assignable under California law. *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942 (1976). Plaintiff's Opposition also indicated that it agrees with Defendant that the punitive damages portion of the Complaint should be dismissed, and has agreed to do so with prejudice.

## CONCLUSION

Plaintiff's Complaint, and each cause of action alleged therein, should be dismissed for failure to state a claim upon which relief can be granted. For the reasons set forth more specifically above, ADT respectfully requests that the Court grant its Motion, dismiss Plaintiff's Complaint in its entirety with prejudice, and enter such further relief as the Court deems just and reasonable.

Dated: August 22, 2008                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  ___/s/ Mia O. Solvesson___
    MIA O. SOLVESSON
    Attorneys for Defendant
    ADT SECURITY SERVICES, INC.

5

144859V1

ADT'S REPLY ISO ITS MOTION TO DISMISS
CASE NO. C 08 02035 JW