IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jewelers Mutual Insurance Co., | NO. C 08-02035 JW |
|     Plaintiff,<br>  v.<br>ADT Security Services, Inc.,<br>    Defendant. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Jewelers Mutual Insurance Company ("Plaintiff") brings this diversity action against ADT Security Services, Inc. ("Defendant") alleging, *inter alia*, breach of contract, fraud and violations of Cal. Bus. & Prof. Code §§ 7599.50, *et seq*. Plaintiff alleges that Defendant did not properly install a burglary alarm system at the business of Plaintiff's insured.

Presently before the Court is Defendant's Motion to Dismiss. (hereafter, "Motion," Docket Item No. 10.) The Court conducted a hearing on September 8, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

//

## II. BACKGROUND

In a Complaint filed on March 5, 2008,[1] Plaintiff alleges as follows:

Plaintiff has its principal place of business in Wisconsin.[2] Defendant is a citizen of Delaware, with its principle place of business in Florida. (Notice of Removal ¶ 10.) New Shan Jewelers ("New Shan") is located in Sunnyvale, California, is Plaintiff's insured.[3]

On October 21, 2003, Defendant provided New Shan with a Mercantile Burglar Alarm System Certificate ("Certificate") from Underwriters Laboratories ("UL"). (Complaint ¶ 15.) On the same day, New Shan and Defendant entered into a "written contract wherein the terms were governed by [the Certificate]."[4] (Id. ¶ 19.)

On October 28, 2003, New Shan purchased "burglar alarm system" services from Defendant; the burglar alarm system was installed by Defendant. (Complaint ¶ 9.) The Certificate contained an expiration date of October 21, 2008. The Certificate was Defendant's declaration and representation that the alarm system is designed, installed, tested, maintained, monitored and complete in accordance with UL standards. (Id. ¶ 16.) Despite the Certificate, Defendant failed to activate alarm zones for the critical safe alarms. (Id. ¶ 13.)

On August 27, 2005, New Shan was burglarized by unknown suspects who entered New Shan by cutting through the common wall between New Shan and a neighboring store. (Complaint ¶ 11.) On August 28, 2005, Defendant left a work order at New Shan stating that

---

[1] This action was originally filed in the Superior Court of the State of California. Defendant removed the case to federal court under 28 U.S.C. §§ 1441 and 1446.

[2] (Notice of Removal of Action by Defendant ADT Security Services Under 28 U.S.C. §§ 1441, 1446, and 1332 and Request for Jury Trial ¶ 9, hereafter, "Notice of Removal," Docket Item No. 1.)

[3] (Notice of Removal, Ex. A, Complaint ¶¶ 2-3, hereafter, "Complaint," Docket Item No. 1.)

[4] Both parties refer to the "written contract" as being the Commercial Sales Proposal/Agreement ("Services Agreement") between New Shan and Defendant. (See Motion at 2; Jewelers Mutual Insurance Company's Opposition to ADT Security Services, Inc.'s Motion to Dismiss Complaint at 3, hereafter, "Opposition," Docket Item No. 29.)

2

the alarm zones for the critical safe alarms were not connected to the alarm panel, thereby causing the alarms to remain inactive during the burglary and failing to notify law enforcement. (Id. ¶ 14.)

Plaintiff, New Shan's insurance carrier at the time of the burglary, paid for New Shan's property damages and losses roughly in the amount of $415,732.05. (Complaint ¶ 3.)

On the basis of the allegations outlined above, Plaintiff, as New Shan's subrogee, alleges five causes of action as follows: (1) Breach of the UL Certificate; (2) Fraud; (3) Negligent misrepresentation; (4) Violation of Cal. Bus. & Prof Code §§ 7599.50, *et seq.*; and (5) Negligence *per se*.

Presently before the Court is Defendant's motion to dismiss.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

3

## IV. DISCUSSION

Defendant moves to dismiss all causes of action on the grounds that (1) a contractual period of limitation in the Services Agreement bars all claims brought more than one year after the accrual of the cause of action, and (2) New Shan waived Plaintiff's right to bring a subrogation action in the Services Agreement. (See Declaration of Mia O. Solvesson in Support of ADT Security Services, Inc.'s Motion to Dismiss, Ex. A, hereafter, "Solvesson Decl.," Docket Item No. 12.) Plaintiff contends that, even if the express provisions of the Services Agreement limit the scope of its claims, the Services Agreement itself is unenforceable on the ground that the Services Agreement was the product of fraudulent inducement on the part of Defendant. (Opposition at 3.) The Court considers each issue in turn.

### A.   Contractual Period of Limitation

Defendant contends that all claims are barred by the one-year contractual period of limitation contained in the Services Agreement. (Motion at 5-6.)

Contractual periods of limitation are enforceable only if the limitation period is reasonable. Capehart v. Heady, 206 Cal. App. 2d 386, 388 (1962). Where the contracting parties are both sophisticated companies with roughly equal bargaining power, a one year limitation period is generally reasonable. See id. at 388; Fagoel T. & C. Co. v. Pacific Indemnity Co., 18 Cal. 2d 748, 753 (1941). However, contractual periods of limitation are not enforceable if they are unconscionable. Under California law, a contractual period of limitation is not unconscionable "if it applies to both parties and the shortened time is still reasonable." Pokorny v. Quixtar Inc., No. 07-00201, 2008 WL 850358, at *14 (N.D. Cal. Mar. 31, 2008). Nonetheless, "[w]here the reduction [in the amount of time to bring an action] is unilateral . . . it is substantively unconscionable." Id. (citing Nyulassy v. Lockheed Martin Corp., 120 Cal. App. 4th 1267, 1283 (2004)).

//

Here, Defendant and New Shan, Plaintiff's insured, entered into a Services Agreement containing the following limitation provision:[5]

> THE CUSTOMER [New Shan] . . . AGREES . . . THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF LOSS, DAMAGE OR INJURY, IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, STRICT LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER PROTECTION LAW OR ANY OTHER ALLEGED FAULT ON THE PART OF ADT, ITS AGENTS OR EMPLOYEES.  NO SUIT OR ACTION SHALL BE BROUGHT AGAINST ADT MORE THAN ONE (1) YEAR AFTER THE ACCRUAL OF THE CAUSE OF ACTION THEREFOR.

(Solvesson Decl., Ex. A, capitalization in original.)

This action was filed on March 5, 2008. (Complaint at 1.)  The burglary of New Shan occurred on August 27, 2005. (Complaint ¶ 11.)  Thus, all causes of action are untimely and barred if the contractual period of limitation applies.  However, on its face, the provision providing the contractual period of limitation is unilateral: "no suit or action shall be brought against ADT . . . ." (Id.)  The provision does not address Defendant's right to sue New Shan in the event of a breach.  The provision only applies to New Shan.  Thus, the Court finds, as a matter of law, that the contractual period of limitation is unconscionable and unenforceable.

Accordingly, the Court DENIES Defendant's motion to dismiss on the contractual period of limitation ground.

### B.     Waiver of Subrogation

In the alternative, Defendant contends that all claims are barred by a contractual waiver of subrogation contained in the Services Agreement.  (Motion at 6.)

Under California law, "subrogation takes the form of an insurer's right to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss which the insurer has both insured and paid."  Fire Insurance Exchange v.

---

[5] Under the "incorporation by reference" doctrine, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In Re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 2002)).

5

Hammond, 83 Cal. App. 4th 313, 317 (2000) (quoting Fireman's Fund Ins. Co. v. Md. Cas. Co., 665 Cal. App. 4th 1279, 1291-92 (1998)).  "The right of subrogation is purely derivative.  An insurer entitled to subrogation is in the same position as an assignee of the insured's claim, and succeeds only to the rights of the insured."  Id.  The insurer is, as a consequence, subject to the same defenses as the insured.  Id.

In this case, the Services Agreement between New Shan and Defendant contains the following subrogation waiver provision:

> IT IS UNDERSTOOD THAT ADT IS NOT AN INSURER, THAT INSURANCE, IF ANY, SHALL BE OBTAINED BY THE CUSTOMER AND THAT THE AMOUNTS PAYABLE TO ADT HEREUNDER ARE BASED UPON THE VALUE OF THE SERVICES AND THE SCOPE OF LIABILITY AS HEREIN SET FORTH AND ARE UNRELATED TO THE VALUE OF THE CUSTOMER'S PREMISES.  CUSTOMER AGREES TO LOOK EXCLUSIVELY TO CUSTOMER'S INSURER TO RECOVER FOR INJURIES OR DAMAGE IN THE EVENT OF ANY LOSS OR INJURY AND RELEASES AND WAIVES ALL RIGHT OF RECOVERY AGAINST ADT ARISING BY WAY OF SUBROGATION.

(Solvesson Decl., Ex. A, capitalization in original.)

The plain language of the Services Agreement indicates that New Shan "agree[d] to look exclusively to [its] insurer to recover for injuries or damage in the event of any loss" and that New Shan "waiv[ed] all right of recovery against ADT arising by way of subrogation."  (Solvesson Decl., Ex. A.)  As New Shan's insurance carrier, Plaintiff "succeeds only to the rights" possessed by New Shan.  Fire Insurance Exchange, 83 Cal. App. 4th at 317.  Since New Shan itself may not seek recovery against Defendant for New Shan's loss under the terms of the Services Agreement, neither may Plaintiff.

Accordingly, the Court finds that there is no right upon which Plaintiff can sustain a recovery against Defendant.  Plaintiff's claims may be saved, however, if it can successfully allege that the Services Agreement is unenforceable on the ground that Defendant fraudulently induced New Shan to enter into that agreement.

//

**C.     Fraud in the Inducement**

In an attempt to rebut the waiver provision, Plaintiff contends that its fraud allegations, if presumed to be true, would render the Services Agreement unenforceable.[6] (Opposition at 3.)

If a contract is obtained through fraud in the inducement, the contract can be rescinded for lack of consent. See Cal. Civ. Code § 1567. Fraud in the inducement is a subset of the tort of fraud whereby "the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which by reason of the fraud is voidable." Rosenthal v. Great Western Fin. Securities Corp., 14 Cal. 4th 394, 415 (1996).

With respect to fraud, Plaintiff alleges as follows:

> On or about October 21, 2003, Defendant, ADT, . . . misrepresented to Plaintiff's insured, NEW SHAN JEWELERS, that the two safes in SHAN JEWELERS were armed and connected pursuant to UL standards . . . and . . . Defendant, ADT, . . . did not comply in any material respects with the requirements mandated by UL . . . in that the Safe Complete Protection was in actuality never connected to the alarm system at all. (Complaint ¶ 24.) Defendant . . . had knowledge that the "burglar alarm system" was not properly activated . . . . (Id. ¶ 25.) As a result of the representations of Defendant . . . [New Shan] justifiably relied on the representations by Defendant. (Id. ¶ 26.)

These allegations do not state that the fraudulent misrepresentation was used to induce consent to the Services Agreement or that the fraud led to New Shan's consent under the Services Agreement in any way. Although the Complaint does allege that Defendant and New Shan "entered into a written contract," the alleged existence of such a contract does not amount to an allegation that Defendant fraudulently induced New Shan to enter into it. (Complaint ¶ 19.) Plaintiff's fraud allegations, therefore, insufficiently state that the Services Agreement is unenforceable on the grounds of fraudulent inducement.

In sum, the Court GRANTS Defendant's Motion to Dismiss.

---

[6] Defendant contends that Plaintiff's fraud allegations are not pleaded with the requisite particularity. (Motion at 14.) Plaintiff properly pleads all the required elements of an independent fraud claim. However, as discussed below, Plaintiff's fraud allegations do not concern the Services Agreement.

7

### D. Leave to Amend

Leave to amend should be granted with "extreme liberality." Eminence Capital, LLC v. Aspeon, inc., 316 F.3d 1048, 1051 (9th Cir. 2003.) In this case, the Court finds that Plaintiff can cure the defects of its allegations. Accordingly, the Court will grant leave to amend with two exceptions. Leave to amend will not be granted as to Plaintiff's Fourth Cause of Action under Cal. Bus. & Prof. Code §§ 7599.50, *et seq.*, or as to Plaintiff's prayer for punitive damages.

#### 1. Fourth Cause of Action: Violation of Cal. Bus. & Prof. Code §§ 7599.50, *et seq.*

Section 7591.9 of the California Business and Professions Code provides a statutory scheme under which citations, fines and a process for review are provided for burglar alarm companies. See Cal. Bus. & Prof. Code § 7591.9. Some of the requirements for which a burglar alarm company can be fined under § 7591.9 are established under §§ 7599.50, *et seq.* Both sections of the statutory scheme are silent on whether the California Legislature intended to create a private right of action. The Court is not aware of any case establishing a private right of action for violations of §§ 7599.50, *et seq.* Absent a compelling reason to do so, the Court declines to create one. See Animal Legal Defense Fund v. Mendes, 160 Cal. App. 4th 136, 142 (2008) (holding that, in the absence of an express intent to do so, the courts of California will only allow a private right of action when there are compelling circumstances).

Accordingly, the Court DISMISSES Plaintiff's claim under Cal. Bus. & Prof. Code §§ 7599.50, *et seq.* with prejudice.

#### 2. Prayer for Punitive Damages

With respect to Plaintiff's prayer for punitive damages, the general rule in California is that an assignee is not entitled to punitive damages because "in the absence of a statute[,] punitive damages are allowed only to the immediate person injured." Dugar v. Happy Tiger Records, Inc., 41 Cal. App. 3d 811, 819 (1974). "An insurer entitled to subrogation is in the same position as an assignee of the insured's claim, and succeeds only to the rights of the insured." Fireman's Fund Ins.

Co., 65 Cal. App. 4th at 1292. Since a subrogee is treated as an assignee of the insured's claims, Plaintiff is not entitled to punitive damages.[7]

Accordingly, the Court STRIKES Plaintiff's prayer for punitive damages.

### V. CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss with leave to amend the Complaint consistent with the terms of this Order as follows:

(1) Plaintiff's Fourth Cause of Action for Violations of Cal. Bus. & Prof. Code §§ 7599.50, *et seq.*, is DISMISSED with prejudice.

(2) Plaintiff's prayer for punitive damages are ordered STRICKEN.

Plaintiff shall file an Amended Complaint on or before **January 22, 2009**.

Dated: December 22, 2008

JAMES WARE
United States District Judge

---

[7] In its Opposition, Plaintiff concedes that punitive damages are not available under California law. (Opposition at 9.)

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Samuel Letofsky bletofsky@pierceweiss.com
Mia Ottilia Solvesson msolvesson@shb.com
Simran Singh ssingh@pierceweiss.com

**Dated: December 22, 2008**                                **Richard W. Wieking, Clerk**

                                                   **By:**   **/s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California