**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7       IN THE UNITED STATES DISTRICT COURT

8       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9       SAN JOSE DIVISION

10   Jewelers Mutual Insurance Co.,                    NO. C 08-02035 JW

11               Plaintiff,                            **ORDER GRANTING DEFENDANT'S**
         v.                                            **MOTION TO DISMISS WITH**
12                                                     **PREJUDICE**
     ADT Security Services, Inc.,
13
                 Defendant.
14   _____/

15                                    **I.  INTRODUCTION**

16          Jewelers Mutual Insurance Company ("Plaintiff") brings this diversity subrogation action

17   against ADT Security Services, Inc. ("Defendant") alleging, fraud, negligent misrepresentation and

18   gross negligence.  Plaintiff alleges that Defendant did not properly install a burglary alarm system at

19   the business of Plaintiff's insurance policy holder.

20          Presently before the Court is Defendant's Motion to Dismiss.  (hereafter, "Motion," Docket

21   Item No. 37.)  The Court conducted a hearing on March 30, 2009.  Based on the papers submitted to

22   date and oral argument,[1] the Court GRANTS Defendant's Motion to Dismiss with prejudice.

23                                    **II.  BACKGROUND**

24   **A.      Factual Allegations**

25             In a First Amended Complaint, filed on January 21, 2009, Plaintiff alleges as follows:

26   _____

27        [1]  At the March 30, 2009 hearing, the Court allowed the parties to submit supplemental
     briefing on Defendant's motion, and regarding whether the Court should allow limited discovery.
28   The parties timely submitted supplemental briefs, which have been considered by the Court.  (See
     Docket Item Nos. 50, 51.)

United States District Court

For the Northern District of California

1    Plaintiff is an insurance company doing business in California.[2]  Defendant is a

2  Delaware corporation doing business in California.  (Id. ¶ 5.)  New Shan is a jeweler in

3  Sunnyvale, California, and is Plaintiff's insurance policy holder.  (FAC ¶ 2.)

4    On October 15, 2003, New Shan and Defendant entered into a contract ("Services

5  Agreement"), under which New Shan leased burglar alarm equipment and paid for

6  monitoring and maintenance of the burglar alarm equipment.  (Id. ¶ 9.)  On October 21,

7  2003, Defendant received a Mercantile-Burglar Alarm System Certificate from Underwriters

8  Laboratories ("UL"), which had an issuance date of October 21, 2003 and an expiration date

9  of October 21, 2008.  (Id. ¶ 10.)  Through the UL Certificate and the Services Agreement,

10  Defendant represented that Plaintiff's alarm system would be completely installed, monitored

11  and maintained by Defendant.  (Id. ¶ 11.)

12    The Services Agreement required New Shan to pay $4,237, with 50% payable upon

13  entering the Services Agreement and 50% payable after installation of the alarm.  (FAC ¶

14  12.)  On October 28, 2003, New Shan paid Defendant the latter 50% due under the Services

15  Agreement after Defendant represented that the burglar alarm system was completely

16  installed and functioning.  (Id.)

17    Despite Defendant's representations, New Shan's alarm system was not installed

18  pursuant to the UL Certificate and the Services Agreement.  (FAC ¶ 13.)  Defendant failed to

19  activate zones 7 and 8, which were necessary for the safe alarms, during the initial

20  installation and never activated them afterwards.  (Id. ¶ 14.)  At no time after the initial

21  installation on October 28, 2003 did Defendant conduct a complete system or other

22  evaluation of New Shan's alarm system.  (Id. ¶¶ 15-16.)

23    On August 27, 2005, New Shan was burglarized by unknown suspects.  (FAC ¶ 17.)

24  On August 28, 2005, Defendant left a work order at New Shan explaining that the alarm

25

26

27    [2]  (First Amended Complaint for Fraud, Negligent Misrepresentation, Gross Negligence ¶ 1,
hereafter, "FAC," Docket Item No. 36.)

28    2

**United States District Court**
For the Northern District of California

1   zones for the safe alarms had not been connected to the alarm panel, causing the alarms to

2   remain inactive during the burglary and failing to notify law enforcement.  (Id. ¶¶ 18-19.)

3          Plaintiff, New Shan's insurance carrier, paid New Shan for property damages and

4   losses roughly in the amount of $415,732.05.  (FAC ¶ 20.)

5          On the basis of the allegations outlined above, Plaintiff, by way of subrogation, alleges three

6   causes of action:  (1) Fraud, (2) Negligent Misrepresentation, and (3) Gross Negligence.

7   **B.     Procedural History**

8          On March 5, 2008, this action was originally filed in the Superior Court of the State of

9   California.  (See Docket Item No. 1.)  On April 18, 2009, Defendant removed the case to federal

10  court under 28 U.S.C. §§ 1441 and 1446.  (Id.)  Plaintiff's original complaint alleged, *inter alia*,

11  fraud and breach of a contract entered into by New Shan Jewelers ("New Shan"), Plaintiff's

12  insurance policy holder, and Defendant for the use of a burglar alarm and related services.  (Id.)

13         On December 22, 2008, the Court issued an order granting Defendant's motion to dismiss

14  ("December 2008 Order") on the ground that the waiver of subrogation provision in the contract

15  between New Shan and Defendant precluded Plaintiff's subrogation action.  (December 22, 2008

16  Order at 6, hereafter, "December 2008 Order," Docket Item No. 35.)  However, the Court granted

17  Plaintiff leave to amend on the ground that Plaintiff may be able to state a fraud in the inducement

18  claim.  (Id. at 7-8.)

19         Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended

20  Complaint.

21                          **III.  STANDARDS**

22         Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against

23  a defendant for failure to state a claim upon which relief may be granted against that defendant.

24  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient

25  facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

26  (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984).

27

28                                  3

**United States District Court**
For the Northern District of California

1   For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

2   complaint to be true and draw all reasonable inferences in favor of the nonmoving party." <u>Usher v.</u>

3   <u>City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

4   in favor of the pleading.  <u>Walling v. Beverly Enters.</u>, 476 F.2d 393, 396 (9th Cir. 1973).

5          However, mere conclusions couched in factual allegations are not sufficient to state a cause

6   of action.  <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845

7   F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

8   that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Courts may

9   dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.

10  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).

11                                    **IV.  DISCUSSION**

12         Defendant moves to dismiss Plaintiff's Complaint on various grounds.  The Court considers

13  Plaintiff's causes of action in turn.

14  **A.      Fraud and Negligent Misrepresentation**

15         Defendant contends that Plaintiff has failed to sufficiently plead a cause of action for fraud

16  and negligent misrepresentation because Plaintiff specifically alleges only false statements made by

17  Defendant after Defendant and New Shan had already entered into the License Agreement.[3]

18  (Motion at 4-8.)  In response, Plaintiff contends that the misrepresentations made by Defendant after

19  entering the Services Agreement allow for a fraud claim because they induced New Shan to continue

20  to make payments pursuant to the Services Agreement.  (Opposition at 7-8.)

21         Under California law, a cause of action for fraud requires a plaintiff to establish:  (1) a

22  knowingly false misrepresentation by the defendant, (2) made with the intent to deceive or to induce

23  reliance by the plaintiff, (3) justifiable reliance by the plaintiff, and (4) resulting damages.  <u>Service</u>

24  <u>by Medallion, Inc. v. Clorox Co.</u>, 44 Cal. App. 4th 1807, 1816 (1996).  A cause of action for

25

26

27         [3] Plaintiff and Defendant address Plaintiff's Fraud and Negligent Misrepresentation claim in
    tandem.  (Motion at 8; Opposition at 11.)

28                                          4

1   negligent misrepresentation is similar, except that an intent to deceive is unnecessary.  Intrieri v.

2   Superior Court, 117 Cal. App. 4th 72, 85-86 (2004).  Instead, a defendant may be liable for negligent

3   misrepresentation when it makes a false statement without reasonable grounds for doing so.  Id.

4          Under California law, there are two species of fraud that can render a contract void and

5   unenforceable.  First, a contract obtained through fraud in the inducement can be rescinded for lack

6   of consent.  See Cal. Civ. Code § 1567.  Fraud in the inducement is a subset of the tort of fraud

7   whereby "the promisor knows what he is signing but his consent is induced by fraud, mutual assent

8   is present and a contract is formed, which by reason of the fraud is voidable."  Rosenthal v. Great

9   Western Fin. Securities Corp., 14 Cal. 4th 394, 415 (1996).  Second, fraud in the factum also vitiates

10  consent, voiding a contract.  People v. Babaali, No. B206165, 2009 WL 522897, at *1 (Cal. Ct. App.

11  Mar. 3, 2009).  In a fraud in the factum case, the defendant fraudulently induces the victim to

12  consent to a contract through the plaintiff's justifiable ignorance as to the nature of the contract.

13  Frusetta v. Hauben, 217 Cal. App. 3d 551, 556-57 (1990).  "If the signer of a contract

14  misapprehends the terms of a document, then he has not, in fact, assented to its true terms."  Id. at

15  557.

16         Fed. R. Civ. P. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state

17  with particularity the circumstances constituting fraud or mistake."  Allegations under Rule 9(b)

18  must be stated with "specificity including an account of the time, place, and specific content of the

19  false representations as well as the identities of the parties to the misrepresentations."  Swartz v.

20  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

21  The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so

22  that they can defend against the charge and not just deny that they have done anything wrong."  Vess

23  v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).  This

24  heightened pleading standards applies to allegations of fraud and allegations that sound in fraud,

25  including false misrepresentations.  Vess, 317 F.3d at 1106-07; see also Meridian Project Sys., Inc.

26

27

28                                              5

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1    v. Hardin Constr. Co., LLC, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005); Neilson v. Union Bank of

2    Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

3         In this case, Plaintiff alleges the following with respect to the misrepresentations made by

4    Defendant:

5         On or about October 15, 2003, [New Shan] entered into a written contract . . . with
          Defendant . . . to lease burglar alarm equipment to be installed for a complete
6         "burglar alarm system" for its jewelry store.  (FAC ¶ 9.)

7         The Services Agreement states in pertinent part, "For the sum of $4,237 payable 50%
          upon acceptance of this proposal and the balance payable upon completion of the
8         installation and as a precondition to activation of the system and, if applicable,
          connection to central station or direct connection service."  On or about October 28,
9         2003, [New Shan] paid Defendant . . . as required under the Services Agreement after
          the representation that the burglar alarm system was completely installed and
10        functioning.  (FAC ¶ 12.)

11        The representations of Defendant . . . within the UL Certificate and the Services
          Agreement were in fact knowingly false and deceptive representations and/or
12        negligent misrepresentations because **the burglar alarm system was not completely
          installed** pursuant to the UL Certificate and **as required under the Services
13        Agreement**.  (FAC ¶ 13 (emphasis in original).)

14        On or about October 21, 2003, [Defendant] issued and executed the UL Certificate,
          which indicated that the burglar alarm system being purchased . . . conformed to UL
15        standards. . . . Defendant . . . deceptively did not comply in any material respect with
          the requirements mandated by the Services Agreement, the UL Standards and the UL
16        Certificate issued by Defendant . . . .  If [New Shan] had knowledge that Defendant
          . . . failed to provide the connection for the safe alarms, the Services Agreement
17        would not have been executed and paid.  (FAC ¶ 24.)

18        On or about October 28, 2003, Defendant . . . misrepresented to [New Shan] that the
          burglar alarm system was completely installed pursuant to the Services Agreement
19        . . . .  The misrepresentations were made by Defendant . . . in order to induce [New
          Shan] to enter into a Services Agreement with Defendant . . . and make yearly
20        payments pursuant to the terms of the Services Agreement.  (FAC ¶ 23.)

21        [O]n or about October 28, 2003, Defendant . . . had the knowledge or should have had
          the knowledge that the "burglar alarm system" was not completely installed and
22        would fail to activate under any circumstances if the safe was breached.  (FAC ¶ 27.)

23        With respect to whether Plaintiff has alleged a fraud in the factum claim, the Court finds that

24   Plaintiff does not because absent from the above is an allegation that New Shan never understood

25   the nature of the Services Agreement.

26

27

28                                              6

1      With respect to whether Plaintiff has alleged a fraud in the inducement claim, Plaintiff

2  specifically identifies three false representations by Defendant.  First, Plaintiff alleges that the

3  representations in the Services Agreement stating that Plaintiff would receive an alarm system that

4  was actually installed are false representations.  (See FAC ¶ 13.)  Plaintiff does not, however, allege

5  that Defendant had no intention, at the time of entering the Services Agreement, of not actually

6  installing the alarm system.  To state a claim for fraud in the inducement based on representations

7  made in a contract, Plaintiff must allege that, before the Services Agreement was entered into,

8  Defendant knew that it did not intend to install a working burglar alarm as it represented it would.

9  See Richardson, 2000 WL 284211 at *4.  Thus, Plaintiff's allegation that Defendant misrepresented

10  that it would install the burglar alarm in the Services Agreement is insufficient to state a claim for

11  fraud in the inducement.

12      Second, the other two allegedly false representations alleged in the First Amended Complaint

13  are the representation in the October 21, 2003 UL Certificate that Plaintiff's alarm would conform to

14  UL standards and the representation on October 28, 2009 that Defendant had completely installed

15  the alarm system pursuant to the Services Agreement.  Although Plaintiff alleges that "[i]f [New

16  Shan] had knowledge that Defendant . . . failed to provide the connection for the safe alarms, the

17  Services Agreement would not have been executed and paid," the only misrepresentations

18  specifically alleged in the Complaint are alleged to have occurred *after* New Shan had already

19  entered into the Services Agreement.  Thus, these statements cannot serve as predicate

20  misrepresentations to induced Plaintiff to *enter* into the contract.

21      Finally, Plaintiff also alleges that these misrepresentations induced Plaintiff to pay the latter

22  50% of the contract price and the yearly fees required under the Services Agreement.  However,

23  there is no authority for the proposition that, once New Shan entered into the Services Agreement,

24  Defendant's representations that it had performed its obligations under the Agreement can form the

25  basis for a fraud claim.  Such after-the-fact misrepresentations do not vitiate New Shan's consent to

26  enter into the contract.

27

28                                                                                      7

United States District Court

For the Northern District of California

1    In sum, the Court finds that Plaintiff has failed to adequately allege claims for fraud in the

2 inducement and negligent misrepresentation.  Accordingly, the Court GRANTS Defendant's Motion

3 to Dismiss Plaintiff's First and Second Causes of Action for Fraud and Negligent Misrepresentation.

4 **C.      Gross Negligence**

5    Defendant contends that Plaintiff's cause of action for gross negligence should be dismissed

6 because, *inter alia*, gross negligence does not void a waiver of subrogation.  (Motion at 8.)  Plaintiff

7 contends that, under Cal. Civ. Code § 1668, a waiver of subrogation clause is unenforceable to

8 shield a contracting party from gross negligence.  (Opposition at 11.)

9    Under California law, a defendant is grossly negligent when it exhibits "the want of even

10 scant care or an extreme departure from the ordinary standard of conduct."  Kearl v. Board of Med.

11 Quality Assurance, 189 Cal. App. 3d 1040, 1252-53 (1986).  A contracting party cannot exempt

12 itself from liability for gross negligence when doing so would be against public policy.  Cal. Civ.

13 Code § 1668; see also City of Santa Barbara v. Superior Court, 41 Cal. 4th 747, 763-64 (2007);

14 Tunkl v. Regents of Univ. of California, 60 Cal. 2d 92, 101 (1963) (enumerating factors for

15 determining whether an exculpatory clause is against public policy).  In California, waivers of

16 subrogation are generally not against public policy.  See Davlar Corp. v. Superior Court, 53 Cal.

17 App. 4th 1121, 1126 (1997); Lloyd's Underwriters v. Craig & Rush, Inc., 26 Cal. App. 4th 1194,

18 1197 (1994).  Further, courts have explained various public policy reasons favoring the enforcement

19 of exculpatory clauses in alarm system contracts.  See Guthrie v. Am. Prot. Indus., 160 Cal. App. 3d

20 951, 955 (1984) (enforcing liquidated damages provision in commercial alarm system contract);

21 OneBeacon Am. Ins. Co. v. ADT Sec. Serv., No. 07-11464, 2008 U.S. Dist. LEXIS 56142, at *5-6

22 (D. Mass. Jun. 13, 2008) (enforcing waiver of subrogation in commercial alarm system contract);

23 Synnex Corp. v. ADT Sec. Serv., 394 N.J. Super. 577, 588 (2007) (enforcing waiver of subrogation

24 in commercial alarm system contract).  Thus, a waiver of subrogation in a commercial alarm system

25 contract is not an exculpatory clause that is barred by the operation of Cal. Civ. Code § 1668.  City

26

27

28                                         8

United States District Court
For the Northern District of California

1  and County of San Francisco v. Factory Mut. Ins. Co., No. C 04-5307, 2007 WL 4463949, at *1

2  (N.D. Cal. Dec. 17, 2007).

3       Here, Plaintiff alleges as follows:

4       Defendant . . . owed a duty to [Plaintiff] and [New Shan] to perform the services
        purchased by [New Shan] . . . that is [sic] memorialized in the Services Agreement
5       between [New Shan] and [Defendant], which included the security protection of
        [New Shan] and the safes located within. (FAC ¶ 52.)
6
        On or about October 21, 2003, Defendant . . . breached said duty to perform by
7       failing to completely install the leased burglar alarm system by failing to arm the two
        safes located within [New Shan], as required by the agreed upon Services Agreement.
8       (FACE ¶ 53.)

9  As discussed in the Court's December 2008 Order, Plaintiff's negligence claims are barred by the

10 waiver of subrogation provision in the Services Agreement.  (December 2008 Order at 6.)  Further,

11 under California law, a waiver of subrogation is not vitiated by a showing of gross negligence

12 because such waivers are not against public policy.  Thus, Plaintiff's gross negligence cause of

13 action is similarly barred by the waiver of subrogation in the Services Agreement.

14      Accordingly, the GRANTS Defendant's Motion to Dismiss Plaintiff's Third Cause of Action

15 for Gross Negligence.

16 **C.    Leave to Amend**

17      At issue is whether the Court should grant Plaintiff leave to amend for a second time.

18      Leave to amend should be granted with "extreme liberality."  Eminence Capital, LLC v.

19 Aspeon, inc., 316 F.3d 1048, 1051 (9th Cir. 2003.)  However, leave to amend need not be granted

20 where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an

21 undue delay in litigation; or (4) is futile.  Amerisource Bergen Corp. v. Dialysist West, Inc., 465

22 F.3d 946, 951 (9th Cir. 2006).  A district court's discretion over whether to grant leave to amend is

23 "especially broad" where the court has already given a plaintiff one or more opportunities to amend

24 the complaint.  See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir.

25 1996).

26

27

28                                                              9

**United States District Court**
For the Northern District of California

1    In this case, the Court previously dismissed Plaintiff's original complaint with leave to

2  amend to allege that New Shan was fraudulently induced into entering the Services Agreement.

3  However, Plaintiff has failed to adequately allege such inducement.  The Court finds that there are

4  no factual circumstances that Plaintiff can allege to cure the deficiencies identified by the Court.

5  Thus, the leave to amend would be futile and cause undue delay.  Accordingly, the Court DENIES

6  Plaintiff leave to amend its Complaint for a second time.

## V.  CONCLUSION

8    The Court GRANTS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

9  with prejudice.  Judgment shall be entered accordingly.

10

11  Dated:  July 9, 2009                                              _____

JAMES WARE
12                                                                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                  10

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Brian Samuel Letofsky brian.letofsky@wcllaw.com
    Ingrid Lucille Peterson ipeterson@shb.com
3   Mia Ottilia Solvesson msolvesson@shb.com

4

5

6   **Dated:  July 9, 2009**                                    **Richard W. Wieking, Clerk**

7

8                                                               **By:   /s/ JW Chambers**
                                                                       **Elizabeth Garcia**
                                                                       **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28